UNTIED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DOLORES FONSECA, ET AL          :     DIV.NO. 3:03 CV1055 (AVC)

    Plaintiff                                  :

JASON ALTERIO, ET AL              :

    Defendants                          :     April 2, 2004

### DEFENDANT, JASON ALTERIO OBJECTION TO MOTION FOR PROTECTIVE ORDER dated March 22, 2004

The Defendant, Jason Alterio hereby objects to the Plaintiff, Melanie Fonseca's motion for protective order. The Defendant has noticed the deposition of Melanie Fonseca on at least three separate occasions. The Plaintiff has repeatedly canceled said deposition, more often then not with only a day's notice. Furthermore, at no time prior to the most recently scheduled deposition did Plaintiff, through counsel, indicate that the deposition should be conducted in a controlled environment. The Plaintiff, Melanie Fonseca, as a party to the action, has a duty to make herself available for a deposition. The Plaintiffs', collectively, have continually participated in conduct to delay the discovery process thereby blocking the Defendant's access to information that is vital for preparing his defense. Said conduct includes canceling depositions, noticed by the defendants, only a day before they are scheduled citing only that plaintiffs' counsel and/or his client's are unavailable, bringing a motion for protective order relating to information requested

on a schedule A attached to the notice of deposition of the plaintiff, Dolores Fonseca's to the deposition without having even filed it with the court prior to the deposition. On one occasion, plaintiffs' counsel and his client's did not show up for a deposition and did not make anyone aware of the fact that they would not be appearing until ten minutes prior to the scheduled start of the deposition. The Plaintiff has merely used this motion of protective order to thwart the efforts of the Defendant to discover information, investigate the Plaintiff's claim and prepare a defense to this matter. Plaintiff through counsel, alleges that, Melanie Fonseca is a seven year old who is emotionally fragile after bearing witness to the allegations alleged in the complaint. However, her mother, Dolores Fonseca, also a Plaintiff in this matter, testified at her deposition that Melanie has not been treating with a doctor regarding the alleged injuries she received as a result of the August 10, 2002 incident since 2002 (See p. 36 of Dolores Fonseca's deposition Testimony).

The Fed. Loc. R. of Civ. P. 30 (a) indicate that depositions are not public proceedings and as such only the witness, the parties to the action, the parent of a minor deponent, counsel to the parties or deponent, and expert witnesses that have been disclosed may be present. It is not fair just and reasonable to have the deposition of the Plaintiff held in a controlled environment of a psychologist office and presumably to have a person such as a psychologist determine what are acceptable questions to be asked and answered by the deponent. The Plaintiff, Melanie

Fonseca, herself and her parents as legal guardians have made Melanie Fonseca a party to this action. As a party to this action the Defendant has a constitutional right to face his accused and depose her to adequately prepare for his day in court. For the Plaintiff to request the court to enter an order that would infringe on that constitutional right is inappropriate. Therefore, Defendant, Jason Alterio objects to the request for a protective order and requests that the Court imposes the following sanctions:

(1) render judgment by default against the Plaintiff, Melanie Fonseca; or

(2) strike the claims to which the requested discovery applies; and

(3) order the Plaintiffs to pay the Defendants' reasonable expenses, including attorneys fees for this objection; and

(4) order any other sanction that the Court believes is warranted.

THE DEFENDANT
JASON ALTERIO

BY: _____
DIANE BENEVIDES, ESQ.
Ct 20617
Cantor Floman Gross
Sacramone & Daly, P.C.
378 Boston Post Road
P.O. Drawer 966
Orange, CT 06477
(203) 795-1211

## **CERTIFICATION**

     This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this _____ day of April 2004, to:

William B. Barnes, Esq.
Rosenstein & Barnes East
1100 Kings Highway
Fairfield, CT 06432

Barbara Brazzel-Massaro, Esq.
Associate City Attorney
City Attorney's Office
999 Broad Street
Bridgeport, CT 06604

                                                        DIANE BENEVIDES, ESQ.



UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOLORES FONSECA, ET AL, | X | |
| Plaintiff(s) | | Civil Action No. |
| -vs- | X | 3:03CV1055 (AVC) |
| JASON ALTERIO, ET AL, | | JANUARY 26, 2004 |
| Defendant(s) | X | |

DEPOSITION OF DOLORES FONSECA

Pretrial deposition of Dolores Fonseca, taken in the above-entitled action on behalf of the defendant(s), before John J. Carreiro, a Notary Public and Shorthand Reporter, Lic. #169, pursuant to the Federal Rules of Civil Procedure, at the Bridgeport Law Department, 999 Broad Street, Bridgeport, Connecticut.

COMPUTER REPORTING SERVICE - (203) 234-1144

FONSECA - DIRECT - MASSARO

Q    Did the school personnel recommend you take her to a psychologist?

A    No.

Q    Did your regular doctor, your M.D., recommend you take her to a psychologist?

A    I don't recall whether he recommended. I don't recall at this moment whether we talked about it.

Q    How was it that you made the decision to call your insurance company to ask them if you were covered for a psychologist for Melanie?

A    Because I'm familiar with health care.

Q    How are you familiar with health care?

A    I used to work for an insurance company.

Q    So, was there any medical person who recommended that you take Melanie to Dr. Bulmash?

A    I can't recall at this moment whether I had a discussion with my own family doctor.

Q    How many times did you see this doctor?

    MR. BARNES:  Objection. Bulmash or the family doctor?

    MS. MASSARO:  Bulmash. I'm sorry.

Q    How many times did Melanie see Dr. Bulmash?

A    Honestly, I can't remember the number of

FONSECA - DIRECT - MASSARO

times at this moment.

    Q    When was the first time she went to see him?

    A    It was shortly after the incident.

    Q    What do you mean by shortly?

    A    It could have been a month after the incident.

    Q    How many times has she been to see Dr. Bulmash?

    A    I can't remember the number of times she went to see Dr. Bulmash. It could have been once or twice. At this moment I can't recall.

    Q    Was it more than five times?

    A    I honestly can't recall. I don't think it was.

    Q    When was the last time that she saw him?

    A    I want to say 2002.

    Q    And did you go with her when she went to see this doctor?

    A    Yes.

    Q    Did you stay with her while she met with this doctor?

    A    No.

    Q    Other than this particular doctor, did she make any statements to anyone regarding the incident

FONSECA - DIRECT - MASSARO

of August 10, 2002, that is written statements?

        MR. BARNES: Objection to form. There is no testimony that Melanie made written statements to Bulmash.

        MS. MASSARO: Let me withdraw that and make sure the record is very clear.

Q    Did Melanie make any written statements to anyone regarding the incident of August 10, 2002?

A    No.

Q    As far as talking, making verbal statements, did she make any statements to anyone other than Dr. Bulmash regarding the incident of August 10, 2002?

A    Other than to family members, no. And the school, no.

Q    Did you make any written statements to any members of the State's Attorney's Office in regard to this incident?

A    Yes. There was the complaint.

Q    The complaint to the State's Attorney?

A    I can't recall at this second.

Q    Did you write any letters to anybody at the State's Attorney Office about this incident?

A    Me personally? No.

## CERTIFICATION

STATE OF CONNECTICUT    )
                        )    ss.    North Haven
DISTRICT OF NEW HAVEN   )

I, John J. Carreiro, a Notary Public, duly commissioned and qualified in and for the District of New Haven, State of Connecticut, do hereby certify that, pursuant to notice and in accordance with the stipulations set forth, there came before me on the 26th day of January 2003, at the City of Bridgeport Law Department, 999 Broad Street, Bridgeport, Connecticut, the following named person, to wit: Dolores Fonseca, the witness, who was by me duly sworn to testify to the truth, the whole truth, and nothing but the truth of her knowledge touching and concerning the matters in controversy in this action, that she was thereupon carefully examined upon her oath and her examination reduced to typewriting by me, that the deposition is a true and accurate record of the testimony given by the witness.

I further certify that I am neither attorney or counsel for, nor related to or employed by, any of the parties to the action in which this deposition is taken, and, further, that I am not a relative or employee of any attorney or counsel employed by the parties hereto or financially interested in the outcome of said action.

In witness whereof I have hereunto set my hand and affixed my notarial seal this 30th day of January 2004.

(My commission expires April 2008.)

_____
John J. Carreiro, Notary Public
Shorthand Reporter - Lic. #169

# FAX TRANSMISSION SHEET

**ROSENSTEIN & BARNES**
1100 Kings Hwy. East
P.O. Box 687, Fairfield, CT 06430
Tel: (203) 367-7922
Fax: (203) 367-8110

**WILLIAM B. BARNES**
wbarnes@rosenbar.com
**SHEILA K. ROSENSTEIN**
srosenstein@rosenbar.com

Web site: rosenbar.com

To: Atty Diane Benevides   Fax No: 203-795-1215   Date: 12/29/03
From: Atty William Barnes   Operator:

Document sent: [X] This Sheet Only
[ ] This Sheet &

R&B Client: _____   R&B File No: _____   Hard Copy to Follow: Y/N
Matter: Fonesca   No. Pgs. (incl. cover) _____

Message:

The Deposition scheduled for today is not going forward.

This message is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt by law from disclosure. If the recipient of this message, with attachments, if any, is not the intended recipient, or the employee or agent responsible for delivering the same, please be advised that the dissemination or copying of this communication is strictly prohibited. If you have received this material in error, please call us and return it to us by U.S. Mail. Transmitting by Canon Laser Class 8500 fax machine. Please call (203) 367-7922 if all pages are not received or if retransmission is desired.