UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOLORES FONSECA, RAFAEL | : | NO.: 3:03-cv-01055 (AVC) |
| FONSECA and MELANIE | : | |
| FONSECA, minor, ppa | : | |
| *Plaintiffs,* | : | |
| vs. | : | |
| | : | |
| JASON ALTERIO, a Bridgeport police | : | |
| officer, in his individual capacity; | : | |
| JORGE LARREGUI, a Bridgeport police | : | |
| Officer, in his individual capacity; | : | |
| and the CITY OF BRIDGEPORT, a | : | |
| municipal corporation | : | |
| *Defendants.* | : | NOVEMBER 8, 2005 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### I.       PRELIMINARY STATEMENT

The Plaintiff has brought a complaint against Bridgeport Police Officers, JASON ALTERIO,

JORGE LARREGUI, and the CITY OF BRIDGEPORT pursuant to 42 U.S.C. §1983, alleging

deprivations of rights secured by the Fourth, Eighth and Fourteenth Amendments of the United States

Constitution.  Specifically, plaintiff alleges 1) False Arrest, 2) False Imprisonment, 3) Malicious

Prosecution, 4) Allegations of Excessive Force, and 5) and a Due Process and Equal Protection claim

alleging discrimination on account of plaintiff's sex and national origin.  Plaintiff also alleges

conspiracy and state law claims.

1

**NOBLE, SPECTOR, YOUNG & O'CONNOR, P.C.** • ATTORNEYS AT LAW
ONE CONGRESS STREET • HARTFORD CT 06114-1067 • JURIS NO. 409138 • TEL: (860) 525-9975 • FAX: (860) 525-9985

## II.    <u>STANDARD OF REVIEW</u>

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Marvel Characters, Inc. v. Simon,* 310 F.3d 280, 286 (2d Cir.2002). The burden of showing that no genuine factual dispute exists rests upon the moving party. *Marvel Characters Inc.,* 310 F.3d at 286. Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505, and present such evidence that would allow a jury to find in his favor. *Graham v. Long Island R.R.,* 230 F.3d 34, 38 (2d Cir.2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505; *Lucente v. International Business Machines Corp.,* 310 F.3d 243, 253 (2d Cir.2002). "Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the [non] moving party." *Lucente,* 310 F.3d at 254. When reasonable persons, applying the proper legal standards, could differ in their responses to the questions raised on the basis of the evidence presented, the question is best left to the jury. *Sologub v. City of New York,* 202 F.3d 175, 178 (2d Cir.2000).

2

"The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson,* 477 U.S. at 247-48, 106 S.Ct. 2505 (emphasis in original). The substantive law of the claim governs materiality, as "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248, 106 S.Ct. 2505.

## III.    LAW AND ARGUMENT

    **A.    Plaintiff was Issued Only a Pre-Arraignment Summons, Which is an Insufficient To Create an Actionable Deprivation of Fourth Amendment Liberty, a Necessary Prerequisite to Bringing a Malicious Prosecution or False Arrest Claim under §1983**

The issue of whether a mere pre-arraignment summons to appear in court constitutes a Fourth Amendment "seizure" has not been resolved in the Second Circuit. *Dorman v. Castro*, 347 F.3d 409, 411 (2d. Cir. 2003).  However, decisions of the Second Circuit and its district courts consistently hold that absent a severe restraint on liberty, the mere issuance of a  summons does not implicate a Fourth Amendment liberty interest.  See *Murphy v. Lynn*, 118 F.3d 938,946 (2d. Cir 1997)(severe six-month *post arraignment* travel restrictions and eight court appearances constitute a seizure); *cf. Singer v. Fulton*

3

County Sheriff, 63 F.3d 110, 117(2d. Cir. 1995) (release of suspect on promise to appear without requiring posting of a bond and without significant travel restrictions not a seizure).  In *Zak v. Robertson*, Judge Hall, aware of Murphy and Singer, noted that "Although the Second Circuit has not directly addressed whether or not the issuance of summons and complaint coupled with the requirement that an individual appear in court, constitutes, a seizure, the weight of authority holds it does not." 249 F.Supp.2d 203 ,207 (D.Conn. 2003)(*emphasis added*).  *Also*, in *Porat v. Lincoln Towers Commuinity Ass'n,* 2005 WL 646093 at *2-4 (S.D.N.Y, March 21, 2005), the most recent case to deal with this issue, the  district court held that absent any significant restrictions, particularly on the freedom to travel, a suspect who is merely issued a summons and complaint and required to appear in court, cannot pursue a Fourth Amendment malicious prosecution claim and that Singer is the controlling precedent in such cases.

Other Circuit Courts have held that the mere issuance of a summons and complaint is not a basis for §1983 liability for malicious prosecution under the Fourth Amendment.  *See  Dibella v. Borough of Beachwood,* 407 F.3d 599, 603 (3d. Cir. 2005)(plaintiff who was issued only a summons, did not have to post bond, and was free to travel, was not seized for Fourth Amendment purposes); *Karam v. City of Burbank,* 352 F.3d 1188, 1193-1194(9th Cir. 2003) (merely being released on own recognizance and being required to attend court was not a seizure for Fourth Amendment purposes); *Britton v. Maloney*, 196 F.3d 24, 30(1st Cir. 1999)(mere issuance of summons requiring court appearance is insufficient to

4

establish a Fourth Amendment seizure).

It is undisputed Plaintiff that was issued a summons ticket and released at the scene. Plaintiff's Complaint at p.12 ¶70; Exhibit E, Sworn Internal Affairs Statement of Dolores Fonseca, dated 11/20/2002, at pp.31-32. It is also undisputed that plaintiff did not suffer the kinds of liberty restrictions that would create a Fourth Amendment issue regarding the issuance of the summons. The prevailing law is that the issuance of a summons alone does not constitute a Fourth Amendment constitutional violation, and thus cannot be the basis of §1983 suit for false arrest or malicious prosecution. Even if the court were to depart from prevailing law, Defendant Alterio is still entitled to qualified immunity because the issuance of a mere summons could not possibly be thought to be a constitutional violation under clearly established law. Therefore, summary judgment should be granted in favor of the Defendant.

### B.    False Arrest/False Imprisonment Under §1983

Even assuming there is a dispute regarding the constitutional sufficiency of the issuance of a summons plaintiff's arrest was supported by actual or "arguable" probable cause. As such, she cannot claim false arrest or false imprisonment under §1983. In order to make a claim for false arrest under §1983, a plaintiff must establish (1) that the defendant arrested or intentionally had the plaintiff arrested, (2) the plaintiff was aware of the arrest, (3) there was no consent to the arrest, and (4) the arrest was not supported by probable cause. *Weinstock v. Wilk,* 296 F.Supp.2d 241, 246 (D.Conn. 2003)(*internal*

5

*citation omitted).*  The existence of probable cause is a *complete defense* to a false arrest claim.  Id. at

247-248.   Furthermore, the fact a defendant is ultimately acquitted at trial does not mean probable cause

to arrest was lacking.  *Id.* at 246.

Under both Second Circuit and Connecticut law, the definition of probable cause to arrest is

basically the same.  *Compare*

> Law enforcement agents have probable cause to arrest a defendant when,
> at the moment of arrest, 'the facts and circumstances within their
> knowledge and of which they had reasonably trustworthy information
> were sufficient to warrant a prudent man in believing that the [defendant]
> had committed or was committing an offense.' *Beck v. Ohio,* 379 U.S. 89,
> 91 (1964). Probable cause is 'a fluid concept-turning on the assessment of
> probabilities in particular factual contexts-not readily, or even usefully,
> reduced to a neat set of legal rules.' *Illinois v. Gates,* 462 U.S. 213, 231
> (1983). It requires 'more than rumor, suspicion, or even a strong reason to
> suspect" (*U.S. v. Fisher,* 702 F.2d 372, 375 (1983) (quoting *Brinegar v.
> U.S.,* 338 U.S. 160 (1949)), but **does not require that the government
> make a 'prima facie showing of criminal activity,'** (*U.S. v. Cruz,* 834
> F.2d 47,50 (2d Cir.1987)) **or demonstrate that 'it is more probable than
> not that a crime has been or is being committed'** *Id.,* or 'have in hand
> evidence which would suffice to convict.' *Wong Sun v. U.S.,* 371 U.S.
> 471, 479 (1963).

*United States v. Escabi,* 2005 WL 2148997 at *5 (E.D.N.Y, Sept. 7, 2005) (*emphasis added*)

*with*

> The determination of whether probable cause exists under the fourth
> amendment to the federal constitution, and under article first, § 7, of our
> state constitution, is made pursuant to a totality of circumstances test....
> Probable cause exists when the facts and circumstances within the
> knowledge of the officer and of which he has reasonably trustworthy
> information are sufficient in themselves to warrant a man of reasonable

**NOBLE, SPECTOR, YOUNG & O'CONNOR, P.C.** • ATTORNEYS AT LAW
ONE CONGRESS STREET • HARTFORD CT 06114-1067 • JURIS NO. 409138 • TEL: (860) 525-9975 • FAX: (860) 525-9985

caution to believe that a [crime] has been committed.... The probable cause test then is an objective one.... We consistently have held that [t]he quantum of evidence necessary to establish probable cause exceeds mere suspicion, but is substantially less than that required for conviction.... The existence of probable cause does not turn on whether the defendant could have been convicted on the same available evidence.... **[P]roof of probable cause requires less than proof by a preponderance of the evidence....** Probable cause, broadly defined, comprises such facts as would reasonably persuade an impartial and reasonable mind not merely to suspect or conjecture, but to believe that criminal activity has occurred.... The probable cause determination is, simply, an analysis of probabilities.... The determination is not a technical one, but is informed by the factual and practical considerations of everyday life on which reasonable and prudent [persons], not legal technicians, act.... Probable cause is not readily, or even usefully, reduced to a neat set of legal rules.... Reasonable minds may disagree as to whether a particular [set of facts] establishes probable cause.... "

*State v. Days,* 89 Conn. App. 789, 803-804 (2005)(*internal citations omitted, emphasis added*);

*See also  State v. Henry,* 2005 WL 1981837 at *4 (Conn. App., Aug. 16, 2005)("probable cause is not the same as a preponderance of the evidence [and] proof of probable cause requires less than proof by a preponderance of the evidence.").

An arrest is valid if there is probable cause to arrest on any charge.  *Devonpeck v. Alford*, 125 S.Ct. 588 (2004).  Requirements that the offense formally charged is "closely related" to the charge that formed the basis for the initial arrest or demanding the "booking" charge be related to the charge that formed the initial basis for the arrest have no basis in the Fourth Amendment.

 Id. at 593, 594 n.2.; *Massey v. Deslauriers*, 2005 WL 2043006 at *6 (D.Vt., Aug. 23, 2005)("probable

7

cause is not contingent on whether the officer articulated the correct basis for the arrest.")(*internal citations omitted)*  Thus, if there is probable cause justifying a suspect's arrest on any charge, even if not articulated by the arresting officer, the arrest is constitutional.

In fact, even if there was not actually probable cause to arrest, officers are entitled to qualified immunity from suit under §1983 for false arrest and malicious prosecution if there was merely "arguable" probable cause.  "An officer is entitled to qualified immunity from money suits under §1983 if there was arguable probable cause, i.e. it was reasonable to believe that there was probable cause or officers of reasonable competence could disagree as to the existence of probable cause."  *Escalera v. Lunn,* 361 F.3d 737, 743 (2d. Cir. 2004); *Grimm v. Krupinsky,* 2005 WL 1586978 at *1(2d. Cir., July 7, 2005)(*citing Escalera*).  This analytical test for granting qualified immunity on the basis of "arguable" probable cause is more favorable to officers than the test for showing actual probable cause to support an arrest.  *Escalera* at 743.

A showing of actual or "arguable" probable cause to arrest for any crime, even if different from one a suspect is initially arrested for or is different than those formally charged, defeats any claims for false arrest, malicious prosecution, or false imprisonment.  *Devonpeck v. Alford*, 125 S.Ct. 588 (2004).  For reasons discussed below, there is actual or least "arguable" probable cause supporting Officer Alterio's arrest of the plaintiff for violating at least one of the following statutes: Conn. Gen. Stat. §§ 53a-167a, 53a-181(2), 53a-181a, 53a-182(1) and (2).  Therefore, the Court should grant summary

8

judgment for the defendant on the basis that probable cause existed for plaintiff's arrest.

    **C.    At Plaintiff's Criminal Trial, the Court Denied Plaintiff's Four Attempts to "Throw Out" the State's Case Against Her For Lack of Probable Cause and Lack of Evidence.  These Rulings Establish Actual or "Arguable" Probable Cause to Support Plaintiff's Arrest**

    As a result of her conduct on the night of August 10, 2002, Bridgeport Police issued the Plaintiff a summons ticket.  The State of Connecticut chose to prosecute the case, and in a long form information, Plaintiff was formally charged with Interfering with an Officer, Assaulting an Officer, and Disorderly Conduct, in violation of Conn. Gen. Stats. §§ 53a-167a, 53a-167c, and 53a-182(2).   A criminal trial, *State of Connecticut v. Dolores Fonseca*, Docket No.: CR02-0181826 S, was held in front of Judge Sheridan Moore in late May 2003, in the Judicial District of Fairfield at Bridgeport.  At trial, the Plaintiff, made four attempts to have the case "thrown out" for lack of probable cause.  The court denied each of those attempts.

    First, on May 27, 2003, prior to trial, defendant's counsel (i.e. the plaintiff in this action) was given the opportunity to have oral argument regarding his motions to dismiss the case for lack of probable cause.  Exhibit G, *Trial Transcript in CR02-0181826S, State of Connecticut v. Dolores Fonseca,* dated 05/27/2003, pp. 61-73, especially p. 63, lines 21-26**.**  The Court denied these motions, finding that the State had shown *by at least a preponderance of the evidence, that there was probable cause to charge and try Fonseca.* Id. at pp. 68-73**.**

    Second, on May 28, 2003, at the close of the State's case, defense counsel moved for a Motion

9

for Judgment of Acquittal, and was allowed to argue his request.  Exhibit H, Trial Transcript in CR02-0181826S, *State of Connecticut v. Dolores Fonseca,* dated 05/28/2003, p.14, lines 11-13.  The Court again denied defendant's motion, finding " the jury could in fact find the testimony credible and convict," and "[t]he evidence here at this point does not support and [sic] unprovoked arrest or unprovoked assault…Accordingly the Court will deny the motion for judgment of acquittal…" *Id.*, at p. 23, lines 9-13, 21-23, and p.24.

Third, on May 29, 2003, the Court, at the end of the defense's case, informed counsel it intended to deny the defense's second attempt to get a Motion For Judgment of Acquittal because "the reasons it denied the motion for Judgment of Acquittal at the end of the State's case, were still valid," and that "there has been enough evidence that a reasonable jury could decide either way, for the State or for the defense."  Exhibit I, Trial Transcript in CR02-0181826S, *State of Connecticut v. Dolores Fonseca,* dated 05/29/2003, at p. 50, lines 10-12, 21-23**.**

Fourth, the Court denied the defense's Motion for a Directed Verdict of Not Guilty, for substantially the same reasons it denied the prior three motions to dismiss the case on the basis that there was probable cause to bring the charges and a reasonable jury could find the defendant guilty beyond a reasonable doubt.  Exhibit I, p. 51.

Four times, the trial judge, who was in the best position to view the evidence, hear the testimony, and observe the demeanor of witnesses, found that the evidence and testimony provided probable cause

10

to arrest and try the defendant and that a reasonable jury could have convicted her.  Had there been a lack of probable cause or if no reasonable jury could have convicted Fonseca, Judge Moore would have been duty bound to dismiss; yet he did not.  Implicit in denying plaintiff's motions was a legal finding that the State's evidence, proved, by at least a preponderance of the evidence, that there was a factual basis to arrest, charge and try the plaintiff.  Thus the record from the criminal trial proves that there was at least probable cause to arrest the plaintiff because a showing of probable cause requires *less* than is required to establish something by a preponderance of the evidence, and the trial court explicitly found the State had established facts and circumstances, by a preponderance of the evidence, justifying both the arrest and trial of the plaintiff.  *See  United States v. Esrabi; State v. Days; State v. Henry, supra* .In fact, the trial court found that there was even enough evidence for a jury to convict Fonseca by the demanding standard of proof beyond a reasonable doubt.  Exhibit I, p. 51.

        Based on these findings, it is clear there was actual or "arguable" probable cause to arrest the plaintiff.  The judge's rulings that 1) the State had established, by a preponderance of the evidence, there was a factual basis to arrest and charge Fonseca, and 2) that there was proof a reasonable jury could find Fonseca guilty by proof beyond a reasonable doubt, clearly establish, by evidentiary standards higher than the threshold needed to establish probable cause, that plaintiff's arrest was lawful.   These rulings should be respected and plaintiff should be estopped from claiming her arrest was not supported by probable cause.   Since probable cause is a complete defense to claims of false arrest and the trial court's

11

rulings establish the existence of probable cause, summary judgment should be granted for the

defendant.  At the very least, the trial court's rulings establish the existence of "arguable" probable cause

entitling Officer Alterio to qualified immunity.

### 1.    Connecticut General Statutes Section 57a-167a

There was actual or "arguable" probable cause to arrest the Plaintiff for violating Conn. Gen.

Stat. §53a-167a and §53a-182.

Officer Alterio had probable cause to arrest plaintiff for violating Conn. Gen. Stat. §53a-167a,

which makes it a crime to interfere with a police officer in the performance of his duties.  The statute

reads:

> (a) A person is guilty of interfering with an officer when such person
> obstructs, resists, hinders or endangers any peace officer or firefighter in
> the performance of such peace officer's or firefighter's duties.

> (b) Interfering with an officer is a class A misdemeanor.

Conn. Gen. Stat. §53a-167a, Interfering with an Officer (2005).

"[I]n enacting 53a-167a, the legislature sought to prohibit behavior that hampers the activities

of the police in the performance of their duties…" and "the statute's purpose is to ensure orderly

compliance with the police…" as such,  court decisions have broadly interpreted the statute as

criminalizing a wide range of behaviors.  *State v. Hampton* , 66 Conn. App. 357, 375(2001).  This

12

statute prohibits any action, verbal or physical, that is intended to meddle in or hamper the activities of the police in the performance of their duties. *White v. Wortz*, 66 F.Supp 2d. 331, 334 (D.Conn 1999). "The broad intent of §53a-167a is to prohibit conduct that hampers the activities of the police in the performance of their duties, including physical resistance…" *Hampton,* 66 Conn. App. at 375-376.   A defendant charged with violating Conn. Gen. Stat. 53a-167a is not entitled to claim self-defense. *State v. Davis,* 261 Conn. 553, 573(2002).

Refusing verbal commands of a peace officer violates the statute.   *State v. Simmons,* 86 Conn. App. 381 (2004)(agitated suspect refusing to "step back" from State Trooper's personal space was grounds for violating §53a-167a); State v. Hampton, 66 Conn.App. 357, 375-376 (2002)(burglary suspect disobeying officer's commands to get down from window was grounds for violating statute; *See also State v.  Beck*, 259 A.2d 149,151 (Conn. Cir. Ct. 1969)(refusing request to step down from railing of police vehicle constituted violation of predecessor to §53a-167a).  Fleeing or attempting to elude officers clearly violates the statute. *Hampton*, 66 Conn. App. at 376.

Physically resisting a search or arrest violates the statute.  *See generally, Simmons* 86 Conn. App. at 385; *White,* 66 F.Supp.2d at 334; *State v. Brocuglio,* 264 Conn. 778, 793-794 (2003)(abrogating common law doctrines allowing physical resistance to illegal search of one's home and holding *physical resistance to even unlawful police conduct violates the statute*).   In fact, physically touching an officer or something held by an officer also violates the statute. *White v. Wortz,*

13

66 F.Supp. 2d 331,334, D.Conn. (1999) (*Eginton J.,* held that swatting down a "Breathalyzer" from an officer's hand was sufficient in and of itself to provide probable cause to arrest the defendant for violating §53a-167a).  This is true even if the touching does not rise to the level of a criminal assault or battery.  *Id.*

The facts of this case more than establish actual or arguable probable cause to arrest Fonseca for violating Conn. Gen Stat. §53a-167a.  Officer Alterio responded to plaintiff's home on a 911 call of a domestic disturbance. Exhibit B.   Connecticut peace officers are required by statute to investigate domestic disturbance calls, make mandatory arrests, and determine if any parties on scene need medical assistance.  Exhibit F, *Conn. Gen. Stat. §46b-38b.*

Pursuant to these duties, Officer Alterio attempted to visually check the plaintiff's face, shoulders, and neck for any visible injuries using his flashlight because there was no light in the hallway.  Plaintiff, who admitted drinking alcohol, interfered with this attempt and struck Officer Alterio's arm and flashlight**.**  Officer Alterio told the plaintiff not to touch him or his light and attempted perform his duties by finishing checking the plaintiff, but plaintiff struck him again. Plaintiff then physically resisted attempts to be handcuffed and placed in a cruiser.   These facts were repeatedly admitted by plaintiff at trial and in deposition testimony and also by the defendant officers.  See Exhibit A, pp. 274-275 and 282-286; Exhibit B; Exhibit C; Exhibit D; Exhibit J, pp. 21-22 and 30.

14

2.        **Connecticut General Statutes Section 53a-182**

There was actual or "arguable" probable cause to arrest plaintiff for disorderly conduct under

Conn. Gen. Stat. §53a-182 which reads "(a) A person is guilty of disorderly conduct when, with intent to

cause inconvenience, annoyance, or alarms, or recklessly creating a risk thereof, such person: (1)

Engages in fighting or in violent, tumultuous or threatening behavior; or (2) by offensive or disorderly

conduct, annoys or interferes with another person…(b) Disorderly conduct is a class C misdemeanor."

(2005).  Plaintiff's act of striking Officer Alterio's arm and/or flashlight, and then physically resisting

being handcuffed and placed in the police car provide probable cause or at least arguable probable cause

to arrest the plaintiff for violating Conn. Gen. Stat. §53a-182(a)(1) in that her conduct could fairly be

characterized as "fighting or …violent, tumultuous or threatening behavior," as well as a violation of

Conn. Gen. Stat. §53a-182(2) in that her conduct was offensive or disorderly, and interfered with and/or

annoyed Officer Alterio.

Plaintiff's actions on August 10, 2002 more than established probable cause for Officer Alterio

to arrest her for violating Conn. Gen. Stat. §53a-167.  Plaintiff repeatedly struck Officer Alterio's arm

and flashlight even after being given a lawful command not to do so.  Plaintiff admits this.  This

obstructed or hindered Officer Alterio from examining the victim for signs of injury or a struggle,

documenting evidence of a crime, and otherwise hindering him from effectively investigating what

plaintiff told " 911" operators was a domestic disturbance involving "Violence."  Plaintiff then

15

physically resisted being handcuffed and resisted going into the squad car. These actions were clearly criminal given the broad scope of §53a-167a, and provided ample probable cause to arrest the plaintiff. Even if plaintiff believed Officer Alterio's actions were improper, she had no legal right to physically resist even an unlawful arrest or police conduct.

Therefore, summary judgment should be granted in favor of the defendant because there was actual probable cause to arrest the plaintiff. At the very least, the facts establish "arguable" probable cause to arrest the plaintiff, entitling Officer Alterio to qualified immunity.

**D.    Plaintiff Cannot Bring Both False Arrest and False Imprisonment Claims**

 In Connecticut, the tort of false arrest is synonymous with that of false imprisonment. *Love v. Town of Granby,* 2004 WL 1683159 at *4 (D.Conn 2004). State law defines the elements of a §1983 action for false arrest or malicious prosecution. See *Weinstock* at 248; *Davis v. Rodriguez*, 364 F.3d 424 (2d. Cir. 2004). Plaintiff has alleged both false arrest and false imprisonment in her complaint. This is improper and duplicative. As such, summary judgment should be granted in favor of the defendant on the false imprisonment count. Alternately, the Court should grant summary judgment in favor of the defendant, because for reasons already discussed, there was actual or arguable probable cause supporting plaintiff's arrest, which precludes a claim of false imprisonment.

**E.    Malicious Prosecution under §1983**

Plaintiff fails to bring an actionable claim for Malicious Prosecution under §1983 because her

16

arrest was supported by actual or "arguable" probable cause and because she fails to show a deprivation of liberty under the Fourth Amendment.   A plaintiff bringing a §1983 malicious prosecution claim must show that; 1) defendant's conduct was tortious under state law and 2) plaintiff's alleged injuries resulted from a deprivation of liberty guaranteed by the Fourth Amendment.  *Weinstock v. Wilk,* 296 F.Supp 2d 241, 248 (D. Conn 2003)(*citations omitted); Wright v. Kelly,* 1998 WL 912026 at *2 (W.D.N. Y, Oct. 16, 1998)*; See also Albright v. Oliver,* 510 U.S. 266 (1994)(malicious prosecution claims brought under §1983 must establish a Fourth Amendment violation); *Davis v. Rodriguez,* 364 F.3d 424, 433 (2d. Cir. 2004)(elements of false arrest and malicious prosecution controlled by state law).

**Because Plaintiff's Arrest was Supported by Actual or "Arguable" Probable Cause, There Can Be No Malicious Prosecution Claim Under §1983**

To make out a claim for malicious prosecution under Connecticut law, the plaintiff must show 1) the defendant initiated a prosecution against the plaintiff, 2) without probable cause, 3) the proceeding was initiated with malice, and 4) the matter ended in the plaintiff's favor.  *Weinstock* at 248.  Under both Connecticut law and federal §1983 malicious prosecution jurisprudence, a showing of actual probable cause is an absolute defense to a malicious prosecution claim and entitles a defendant to summary judgment.  *Id.* at 248. *Davis*, 364 F.3d at 433; *McHale v. W.B.S. Corp*., 187 Conn. 444, 447 (1982); *See also Grimm v. Krupinsky,* 2005 WL 1586978 at *1(2d. Cir., July 7, 2005)(same).   A finding of mere "arguable" probable cause entitles the defendant to qualified immunity.

Probable cause or at least "arguable" probable cause existed for plaintiff's arrest for substantially

17

the same reasons discussed under the "false arrest" portion of this memorandum.   Because there was

actual or "arguable" probable or cause to arrest the Plaintiff, she fails to establish an essential element of

her malicious prosecution claim.   Therefore, summary judgment should be granted in favor of the

defendant.

      **F.**      **Qualified Immunity**

      Even assuming there are facts regarding the probable cause to arrest the plaintiff, there are no

material facts to defeat the defendants' entitlement to the defense of qualified immunity.

      Qualified immunity is appropriately raised by a motion for summary judgment.   *Butz v.*

*Economou,* 438 U.S. 478, 507-508, 98 S.Ct. 2894, 57 L. Ed. 895 (1978).   When qualified immunity is

raised by a motion for summary judgment, "plaintiffs may not unwrap a public officer's cloak of

immunity from suit simply by alleging even meritorious factual disputes relating to probable cause,

when those controversies are nevertheless not material to the ultimate resolution of the immunity issue."

*Cartier v. Lussier*, 955 F.2d 841, 845 (2d Cir. 1992).   Summary judgment has been encouraged in its use

for this purpose. *See, e.g., Celotex, supra, H.L. Hayden Co. of N.Y. v. Siemans Medical Systems*, 879

F.2d 1005, 1011 (2d Cir. 1989); *Knight v. U.S. Fire Insurance Co.*, 804 F.2d 9, 12 (2d Cir. 1986) cert.

denied 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1989).   It is particularly appropriate in cases

under 42 U.S.C. §1983 involving insubstantial claims such as this case.   *Harlow v. Fitzgerald*, 457 U.S.

800, 816, 102 S.Ct. 2727, 73 L.Ed.2d 3961 (1983).   The qualified immunity afforded to police officers

18

accused of Fourth Amendment violations is essential to ensure that police officers will not shy from their socially critical duties for fear of personal liability if, in hindsight, their "reasonable" judgment is mistaken.

> If every mistaken seizure were to subject police officers to personal liability under §1983, those same officers would come to realize that the safe and cautious course of action would always be to take no action.  The purposes of immunity are not served by a police force intent on escaping liability to the cumulative detriment of those duties, which communities depend on officers to perform.

*Gooden v. Howard County, M.D.*, 954 F.2d 960, 967 (4th Cir. 1992).

"Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damage insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The burden of raising and establishing the affirmative defense of qualified immunity, either in a motion for summary judgment or at trial, rests on the defendants. *See Lee v. Sandberg,* 136 F.3d 94, 101 (2d Cir.1997).

When considering the issue of qualified immunity, a court first determines whether the evidence, viewed in the light most favorable to the plaintiff, demonstrates that the officer's conduct violated a constitutional right. *See Saucier*, 522 U.S. at 201.  If so, the Court must then determine whether "[t]he

**NOBLE, SPECTOR, YOUNG & O'CONNOR, P.C.** • ATTORNEYS AT LAW
ONE CONGRESS STREET • HARTFORD CT 06114-1067 • JURIS NO. 409138 • TEL: (860) 525-9975 • FAX: (860) 525-9985

contours of the fight [were] sufficiently clear that a reasonable officer would have underst[ood] that what he [did] violate[d] that right." *Anderson v. Creighton*, 483 U.S. 638, 640 (1987). In essence, the Court must determine "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202.

As set forth in Officer Alterio's factual and legal arguments above, no material facts to support any conclusion that any of the defendant's actions violated any of plaintiff's clearly established constitutional rights. Nor are there any material facts that the defendant acted in an objectively unreasonable manner. Accordingly, Officer Alterio is entitled to the protective shield of qualified immunity.

### G.     Equal Protection Violations Under §1983

There is no genuine factual basis for plaintiff's allegation that her Equal Protection rights were violated, and thus summary judgment should be granted in favor of the defendant. The equal protection clause requires state actors to treat similarly situated people alike. *Giano v. Senkowski*, 54 F.3d 1050, 1057(2d. Cir 1995)(*citing Cleburne v. Cleburn Living Ctr., 473 U.S., 432, 439 (1985))*. In order to claim a violation of Fourteenth Amendment Equal Protection rights under §1983, a plaintiff must allege 1) she was treated differently than others similarly situated as a result of intentional or purposeful discrimination directed at an identifiable or suspect class and 2) that the disparity in treatment cannot survive the appropriate level of scrutiny. *Id.; Phillips v. Girdich*, 408 F.3d 124, 129 (2d. Cir. 2005).

20

Other than plaintiff's self-serving assertions the defendant called her a "bitch " and "spic," she offers no factual support for her claim officers Alterio and Larregui allegedly violated her civil rights because she was an Hispanic female.  Nowhere in the criminal trial, civil depositions, or elsewhere is there any evidence of this, as both officers denied these comments were said.  Especially telling is the fact Officer Larregui, who is Hispanic, denied the comments were said, as it is highly likely he would have remembered, and been offended, if the defendant had slurred his ethnicity in his presence. Plaintiff's bare assertion her rights were violated is insufficient to create a genuine issue of material fact to prevent granting summary judgment in favor of the defendants.  As such, summary judgment should be granted in favor of the defendant.

**H.    Count III of Plaintiff's Complaint Should Be Dismissed in Its Entirety**

Because, for reasons already discussed, there was actual or arguable probable cause justifying plaintiff's arrest, plaintiff's claim that Officers Alterio and Larregi unlawfully conspired to violate her civil rights by falsely arresting, falsely imprisoning, and maliciously prosecuting her, are without merit and summary judgment should be granted to the defendant as to Count III.

**I.    Count VI of Plaintiff's Complaint Should Be Dismissed in Its Entirety**

Because, for reasons already discussed, there was actual or arguable probable cause justifying plaintiff's arrest, plaintiff's claim that Officers Alterio and Larregi committed common law negligence as to Melanie Fonseca by virtue of her witnessing plaintiff's "false arrest" is without merit and summary

21

judgment should be granted to the defendant as to Count VI.

**CONCLUSION:**

The undisputed facts and current state of law support the existence of ample probable cause that Officer Jason Alterio relied upon to effect the arrest the plaintiff.  Accordingly, all of plaintiff's claims directed at Officer Alterio regarding the legal basis for her arrest should be dismissed.  As such, Bridgeport Officer Jason Alterio respectfully requests the Court to enter judgment on his behalf.

DEFENDANT:    JASON ALTERIO

BY:    _____
                    Elliot B. Spector
                    Federal Bar #ct05278
                    Noble, Spector, Young & O'Connor, P.C.
                    One Congress Street
                    Hartford, CT  06114
                    860-525-9975
                    860-525-9985
                    spector@nsyolaw.com

22

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed to the following counsel of record

this 8th day of November, 2005:

Diane Polan, Esq.
129 Church St.
Suite 802
New Haven, CT 06510

Barbara Brazzel-Massaro, Esq.
City of Bridgeport
Office of the City Attorney
999 Broad St., 2nd Fl.
Bridgeport, CT 06604-4328

_____
Elliot B. Spector

23