# EXHIBIT F



Westlaw.

C.G.S.A. § 46b-38b

**C**
Connecticut General Statutes Annotated Currentness
  Title 46B. Family Law (Refs & Annos)
    Chapter 815E. Marriage (Refs & Annos)

→ § 46b-38b. Investigation of family violence crime by peace officer. Arrest. Assistance to victim. Guidelines. Education and training program

(a) Whenever a peace officer determines upon speedy information that a family violence crime, except a family violence crime involving a dating relationship, has been committed within such officer's jurisdiction, such officer shall arrest the person or persons suspected of its commission and charge such person or persons with the appropriate crime. The decision to arrest and charge shall not (1) be dependent on the specific consent of the victim, (2) consider the relationship of the parties, or (3) be based solely on a request by the victim. Whenever a peace officer determines that a family violence crime has been committed, such officer may seize any firearm at the location where the crime is alleged to have been committed that is in the possession of any person arrested for the commission of such crime or suspected of its commission or that is in plain view. Not later than seven days after any such seizure, the law enforcement agency shall return such firearm in its original condition to the rightful owner thereof unless such person is ineligible to possess such firearm or unless otherwise ordered by the court.

(b) No peace officer investigating an incident of family violence shall threaten, suggest or otherwise indicate the arrest of all parties for the purpose of discouraging requests for law enforcement intervention by any party. Where complaints are made by two or more opposing parties, the officer shall evaluate each complaint separately to determine whether such officer should make an arrest or seek a warrant for an arrest. Notwithstanding the provisions of subsection (a) of this section, when a peace officer reasonably believes that a party in an incident of family violence has used force as a means of self defense, such officer is not required to arrest such party under this section.

(c) No peace officer shall be held liable in any civil action regarding personal injury or injury to property brought by any party to a family violence incident for an arrest based on probable cause.

(d) It shall be the responsibility of the peace officer at the scene of a family violence incident to provide immediate assistance to the victim. Such assistance shall include, but not be limited to: (1) Assisting the victim to obtain medical treatment if such treatment is required; (2) notifying the victim of the right to file an affidavit or warrant for arrest; and (3) informing the victim of services available and referring the victim to the Office of Victim Services. In cases where the officer has determined that no cause exists for an arrest, assistance shall include: (A) Assistance as provided in subdivisions (1) to (3), inclusive, of this subsection; and (B) remaining at the scene for a reasonable time until, in the reasonable judgment of the officer, the likelihood of further imminent violence has been eliminated.

(e) Each law enforcement agency shall develop, in conjunction with the Division of Criminal Justice, and implement specific operational guidelines for arrest policies in family violence incidents. Such guidelines shall include, but not be limited to: (1) Procedures for the conduct of a criminal investigation; (2) procedures for arrest and for victim assistance by peace officers; (3) education as to what constitutes speedy information in a family violence incident; (4) procedures with respect to the provision of services to victims; and (5) such other criteria or guidelines as may be applicable to carry out the purposes of sections 46b-1, 46b-15, 46b-38a to 46b-38f, inclusive, and 54-1g. Such procedures shall be duly promulgated by such law enforcement agency.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

C.G.S.A. § 46b-38b

(f) The Police Officer Standards and Training Council, in conjunction with the Division of Criminal Justice, shall establish an education and training program for law enforcement officers, supervisors and state's attorneys on the handling of family violence incidents. Training under such program shall: (1) Stress the enforcement of criminal law in family violence cases and the use of community resources, and include training for peace officers at both recruit and in-service levels; and (2) include, but not be limited to: (A) The nature, extent and causes of family violence; (B) legal rights of and remedies available to victims of family violence and persons accused of family violence; (C) services and facilities available to victims and batterers; (D) legal duties imposed on police officers to make arrests and to offer protection and assistance; and (E) techniques for handling incidents of family violence that minimize the likelihood of injury to the officer and promote the safety of the victim.

CREDIT(S)

(1986, P.A. 86-337, § 2; 1987, P.A. 87-554; 1987, P.A. 87-567, § 2, eff. July 1, 1987; 1987, P.A. 87-589, § 13, eff. July 9, 1987; 1995, P.A. 95-108, § 15; 1996, P.A. 96-246, § 32; 1999, P.A. 99-186, § 3; 2000, P.A. 00-196, § 58; 2002, P.A. 02-120, § 1; 2004, P.A. 04-66, § 1.)

HISTORICAL AND STATUTORY NOTES

2005 Electronic Update

**Amendments**

**2004 Amendment.** 2004, P.A. 04-66, § 1, deleted "as defined in subdivision (3) of section 46b-38a," following "that a family violence crime," in subsec. (a); substituted "made by" for "received from", inserted "make an arrest or", and added the final sentence in subsec. (b); substituted "Each" for "On or before October 1, 1986, each" as the introductory clause in subsec. (e); and made other nonsubstantive changes.

2004 Main Volume

**Codification**

Gen.St., Rev. to 1991, substituted reference to "commission on victim services" for "criminal injuries compensation board" on the authority of 1987, P.A. 87-554.

Technical changes were made to conform to Gen.St., Rev. to 1995.

Section heading was changed to conform to Gen.St., Rev. to 2003.

**Amendments**

**1987 Amendments.** 1987, P.A. 87-567, § 2, in subsec. (a), provided that the family violence crime be as defined in subd. (3) of § 46b-38a; deleted former subsec. (e), which related to conditions for release of an arrested person in a family violence case; and redesignated former subsecs. (f) and (g) as subsecs. (e) and (f).

1987, P.A. 87-589, § 13, substituted, in subd. (A) of the third sentence of subsec. (d), "subsection" for "section" following "inclusive, of this".

**1995 Amendment.** 1995, P.A. 95-108, § 15, in subsec. (f), substituted reference to the Police Officer Standards and Training Council for reference to the Municipal Police Training Council.

**1996 Amendment.** 1996, P.A. 96-246, § 32, in subsec. (e), subd. (5), deleted reference to subsec. (e) of C.G.S.A.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 3

C.G.S.A. § 46b-38b

§ 17a-101 and C.G.S.A. § 17a-107.

**1999 Amendment.** 1999, P.A. 99-186, § 3, rewrote subsec. (a) which formerly read:

"(a) Whenever a peace officer determines upon speedy information that a family violence crime, as defined in subdivision (3) of section 46b-38a, has been committed within his jurisdiction, he shall arrest the person or persons suspected of its commission and charge such person or persons with the appropriate crime. The decision to arrest and charge shall not (1) be dependent on the specific consent of the victim, (2) consider the relationship of the parties or (3) be based solely on a request by the victim."

**2000 Amendment.** 2000, P.A. 00-196, § 58, in subsec. (d), changed reference to "Office of Victim Services" from "Commission on Victim Services".

**2002 Amendment.** 2002, P.A. 02-120, § 1, rewrote subsec. (a), which prior thereto read:

"(a) Whenever a peace officer determines upon speedy information that a family violence crime, as defined in subdivision (3) of section 46b-38a, except a family violence crime involving a dating relationship, has been committed within such officer's jurisdiction, such officer shall arrest the person or persons suspected of its commission and charge such person or persons with the appropriate crime. The decision to arrest and charge shall not (1) be dependent on the specific consent of the victim, (2) consider the relationship of the parties or (3) be based solely on a request by the victim. Whenever a peace officer makes an arrest under this subsection, such officer may seize any firearm at the location where the crime is alleged to have been committed that is in the possession of any such person or that is in plain view. Not later than forty-eight hours after any such seizure, the law enforcement agency shall return such firearm in its original condition to the rightful owner thereof unless such person is ineligible to possess such firearm or unless otherwise ordered by the court."

**Prior Laws:**
    1958 Rev., § 46-31a.
    1977, P.A. 77-336, § 1.
    1978, P.A. 78-230, § 51.
    1981, P.A. 81-272, § 1.
    1981, P.A. 81-472, § 149.
    1983, P.A. 83-319.

CROSS REFERENCES

   Foreign protective order, see C.G.S.A. § 46b-15a.

   Liability of state for failure to afford rights to victim, see C.G.S.A. § 54-224.

   Police training in domestic violence and child abuse procedures, see C.G.S.A. § 7-294g.

   Violation of a criminal protective order a class A misdemeanor, see C.G.S.A. § 53a-223.

ADMINISTRATIVE CODE REFERENCES

   Circumstances requiring immediate removal of child from home, see Regs. Conn. State Agencies, § 17a-101-11.

   Criminal procedure, Public Safety Department, duties of peace officers, victim assistance card, see Regs.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 4

C.G.S.A. § 46b-38b

Conn. State Agencies, § 54-222a-3.

Reports of child abuse or neglect, see Regs. Conn. State Agencies, § 17a-101(e)-1 et seq.

LAW REVIEW AND JOURNAL COMMENTARIES

**Mandatory arrest**: A step toward eradicating domestic violence, but is it enough? Note, 1996 U.Ill.L.Rev. 533 (1996).

LIBRARY REFERENCES

2004 Main Volume

> Arrest ⚷58 to 63.4.
> Municipal Corporations ⚷747(3).
> Westlaw Topic Nos. 35, 268.
> C.J.S. Arrest §§ 2, 4 to 6, 10 to 11, 16 to 42.
> C.J.S. Municipal Corporations §§ 493, 495, 689 to 692.

RESEARCH REFERENCES

2005 Electronic Update

Encyclopedias

21 Am. Jur. Proof of Facts 3d 685, Excessive Force by Police Officer.

62 Am. Jur. Trials 547, Obtaining Damages in Federal Court for State and Local Police Misconduct.

UNITED STATES CODE ANNOTATED

Crime prevention, family unity demonstration project, see 42 U.S.C.A. § 13881 et seq.

Family violence prevention and services, see 42 U.S.C.A. § 10401 et seq.

Indian Child Protection and Family Violence Prevention Act, see 25 U.S.C.A. § 3201 et seq.

NOTES OF DECISIONS

**Delay in arrest 2**
**Due process 1**

1. Due process

Failure of police to arrest man that woman reported had assaulted her, before he assaulted woman again, did not violate procedural liberty interest of woman pursuant to statute governing investigation of family violence crime by peace officer, so as to violate her right to due process and so entitle her to relief under s 1983, since harm to victim was caused by private individual. Klein v. City of Stamford (1994) 658 A.2d 986, 43 Conn.Supp. 441. Civil Rights ⚷ 1088(4)

2. Delay in arrest

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 5

C.G.S.A. § 46b-38b

Assault victim's allegations that police officers had affirmative duty to promptly arrest her assailant after she reported original assault and that their failure to do so violated statute requiring arrest of person suspected of family violence crime and city's guidelines failed to state civil rights claim against the officers; neither statute nor police department guidelines mandated "prompt" arrest, and victim's allegations failed to establish special relationship. Klein v. City of Stamford (1994) 669 A.2d 644, 44 Conn.Supp. 121. Civil Rights ⇌ 1088(4)

Failure of police to arrest man that woman reported had assaulted her, before he assaulted woman again, did not violate substantive property interest of woman, based upon statute governing investigation of family violence crime by peace officer, so as to violate her right to due process and so entitle her to relief under s 1983, since statute did not mandate immediate arrest, and woman did not allege that four-day time lapse following initial assault was so excessive as to constitute violation of statute. Klein v. City of Stamford (1994) 658 A.2d 986, 43 Conn.Supp. 441. Civil Rights ⇌ 1088(4)

C. G. S. A. § 46b-38b, CT ST § 46b-38b

Current through the 2005 Jan. Reg. Sess. and June Sp. Sess.

Copyright © 2005 Thomson/West

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.