# EXHIBIT H

```
 1                     J A S O N   A L T E R I O,
 2      having been previously sworn, testified upon his oath as
 3      follows:
 4      CROSS-EXAMINATION BY MR. BARNES:
 5           Q    Good morning, Officer.
 6           A    Good morning.
 7           Q    I just have a couple of questions for you, and I'd like
 8      to direct your attention back to the incident of August 10th when
 9      you went to a house at 347 Alpine Street, interacting with
10      Dolores Fonseca.
11                At any point during that period did you - is it your
12      testimony that you used more force than was necessary to
13      accomplish your goal?
14           A    Are you asking me if I used more force?
15           Q    Yes.
16           A    No, I did not.
17           Q    So it's your testimony that every bit of force you used
18      was strictly necessary?
19           A    Correct.
20           Q    Was Officer Larregui present while you were interacting
21      with - strike that - when you were placing the handcuffs upon
22      Dolores Fonseca and taking her out the door and putting her in
23      the police car?
24           A    The best of my knowledge, he was.  I was more focused
25      on her than worrying about where Officer Larregui was.
26           Q    All right.  Did Officer Larregui help you handcuff her?
27           A    No, he did not.
```

1   down.
2   (Whereupon the witness was excused).
3   THE COURT: I believe that completes the Court's
4   ruling in regards to that witness.
5   MR. BARNES: I think so, your Honor. The next
6   stage would be the motions your Honor mentioned.
7   THE COURT: Ladies and gentlemen, we're going to
8   excuse you for a moment again. We'll get back to you
9   as soon as we can.
10  (Whereupon the jury exited the courtroom).
11  THE COURT: Attorney Barnes?
12  MR. BARNES: Thank you. Your Honor, the defense
13  makes a motion for judgment of acquittal under Section
14  42-40 of the Practice Book. The grounds that are
15  adduced are that the evidence brought forward by the
16  prosecution on all charges failed to establish that the
17  defendant possessed the necessary intent. The second
18  ground adduced is that on counts two and three, is that
19  the prosecution did not present sufficient evidence,
20  that the Officer Alterio was acting in the performance
21  of his duties. The third argument is that the
22  prosecution did not prove fighting by the defendant
23  within count one; and the fourth argument is that the
24  testimony presented by the prosecution was so
25  inconsistent and inbelievable that no reasonable jury
26  could convict upon it.
27  These are largely self-explanatory, but I would

| | |
|---|---|
| 1 | like to bring out two points with regard to the second |
| 2 | and third counts that the prosecution did not prove |
| 3 | beyond a reasonable doubt that the officers were acting |
| 4 | in performance of their duties. |
| 5 | There are two situations in which an officer |
| 6 | cannot be acting in performance of his duties, and your |
| 7 | Honor has correctly stated that the case law on acting |
| 8 | in performance of his duties is found in the - in <u>State</u> |
| 9 | <u>vs. Casanova</u>, <u>State vs. Privitera</u>, and in the very |
| 10 | recent action of <u>State vs. Davis</u>. The first issue is |
| 11 | whether an officer was acting in good faith in attempt |
| 12 | to carrying out his duties or for personal reasons of |
| 13 | his own. The flashlight shining, if it was indeed |
| 14 | being shined at the defendant's chest so that the |
| 15 | officer could stare at her breasts and her bathing |
| 16 | suit, is a personal reason that is unrelated to police |
| 17 | work. The - it falls within the words of a personal |
| 18 | frolic; it is not carrying out his duties. |
| 19 | There was plenty of evidence - in fact, I think |
| 20 | evidence from which any reasonable jury would conclude |
| 21 | that the supposed examination of the defendant for |
| 22 | injuries by Officer Alterio was completely unwarranted. |
| 23 | A previous officer had already determined there were no |
| 24 | injuries. We heard that there was plenty of light. We |
| 25 | heard that this was a non-issue or as Officer Larregui |
| 26 | confirmed, a no big deal issue, and this had all |
| 27 | happened before Officer Alterio ever arrived on the |

1	scene.
2	        The - in light of this testimony, I submit that no
3	reasonable jury could find that the flashlight shining,
4	which is the essential character of - essential to the
5	finding of guilt on count two which is interfering, was
6	in the performance of duties, because if she knocked
7	down - she pushed aside his hand while he was shining
8	the flashlight and he wasn't shining the flashlight in
9	the performance of his duties, then she can't be
10	guilty.  I think that that's pretty clear from both
11	Casanova and Privitera.
12	        I believe that the second aspect goes to
13	unreasonable and unnecessary physical force.  If the
14	officer is using unreasonable and unnecessary physical
15	force in doing an arrest, and the defendant struggles
16	or otherwise may cause pain to the officer, they still
17	can't be convicted of assault on a police officer
18	within the statute which is 53a-167c because you can't
19	find any - you can't find that the officer was acting
20	in the performance of his duties.
21	        I think from the evidence presented, no reasonable
22	jury could conclude that the force used by Officer
23	Alterio was necessary.  Officer Larregui testified with
24	- I mean, repeatedly, he was strong on it, that by a
25	simple request, he asked and received the defendant's
26	hands so that she could be handcuffed, that - and it's
27	clear from what Officer Alterio said and Officer

1   Larregui said, that Larregui didn't hit her, he didn't
2   - didn't do anything to her, and the entire incident
3   was caused by the flashlight and by tremendous amount
4   of force subsequently exerted by Alterio, that that
5   force was unreasonable and unnecessary under the
6   circumstances, and there is insufficient evidence in
7   the prosecution's case to eliminate that beyond a
8   reasonable doubt; in other words, to prove acting in
9   the course of his duties beyond a reasonable doubt.
10        For that reason, I would ask your Honor to enter a
11  judgment of acquittal under 42-40 and to do so pursuant
12  to Section 42-41 of the Practice Book before the
13  defendant presents any evidence. If your Honor
14  declines, as of course is your right to do, to grant
15  the motion for judgment of acquittal, the defendant
16  reserves the right to present evidence after that
17  without having waived the right to appeal or to
18  subsequently challenge denial of her motion for
19  acquittal.
20        THE COURT: Attorney Bove?
21        MR. BOVE: Just briefly, your Honor. I believe
22  just looking at the elements of the charges the State
23  has proven a prima facie case, that it should go to the
24  jury. There is sufficient evidence on Officer
25  Alterio's testimony that there was tumultuous activity
26  taking place, just the act of knocking down the
27  flashlight.

1       Within regard to interfering with an officer, all
2   the State has to prove is that a person is guilty of
3   interfering with an officer when a person obstructs,
4   resists, hinders, or endangers any peace officer in the
5   performance of his duties.  When she knocked that
6   flashlight, when she forced it down, she was
7   interfering with a uniformed police officer.  There is
8   no question he was a uniformed police officer and he
9   was on duty at the time.
10      Counsel may choose to put whatever slant he wants
11  to put on the case as to what was in Officer Alterio's
12  mind, but that's not the essence of in the performance
13  of his duties.  He's on duty.  He can make the argument
14  to the jury that he may have exceeded the limits of
15  force if he wants to make that argument, but it's not
16  an element of proof.  You know, it's - we've already
17  proven, I think, enough to get to a jury.
18      With regard to assault on a peace officer, all the
19  State has to prove is the victim of the assault was a
20  reasonably identifiable peace officer; certainly was,
21  he was in uniform.  The conduct of the defendant
22  occurred while a peace officer was acting in the
23  performance of his duties.  He may want to argue about
24  that, but I argue that it's fodder for the jury and
25  there's no question that he was on duty, he wasn't off-
26  duty; he was directed there by the Bridgeport Police
27  Department, and that the defendant had the specific

1	intent to prevent the police officer from performing
2	his lawful duties, and that, as your Honor's well
3	aware, intent can inferred by the circumstances and by
4	the facts of the case. And four, that the defendant
5	caused physical injury to the peace officer. The
6	defendant - the officer's already testified that he was
7	kicked twice, and counsel makes - tries - is trying to
8	put some of what Officer Larregui said, taking it out
9	of context, to say - you know - there's a big conflict
10	here. The State doesn't believe there's a big conflict
11	here. If anything, it shows the officers weren't
12	getting together to rehearse their testimony. It's the
13	conflict that always occurs when people arrive on the
14	scene with different responsibilities and are met with
15	a very fluid and changing situation. I think that the
16	State has proven enough to withstand the motion for
17	judgment of acquittal. Thank you.
18	        THE COURT: Attorney Barnes, when you indicated -
19	you said there were four reasons. You indicated that
20	the first one was intent; is that what you indicated?
21	        MR. BARNES: Yes, your Honor. I believe that the -
22	in deciding a motion for judgment of acquittal, your
23	Honor has to balance, as I read the case law. Your
24	Honor has to recognize that the prosecution has the
25	right to put on its case and that you have to read the
26	evidence in favor of the prosecution in order to take
27	it away from the jury. At the same time, your Honor

1    has to recognize that it is the prosecution's burden to
2    prove guilt beyond a reasonable doubt so the evidence,
3    when taken favorably to the prosecution, must support
4    guilt beyond a reasonable doubt.
5        It is my claim on behalf of the defendant that the
6    evidence as presented does not present - allow a jury -
7    any reasonable jury - to infer that she possessed the
8    intent claimed by the prosecution, and I point
9    particularly to Officer Larregui's testimony that he
10   didn't have to cuff her, that he simply requested her
11   hand and she gave it so that he could slip the cuffs
12   on, that there was a friendly and peaceable exchange
13   with all of the questions that were subsequently asked
14   by Alterio occurred - were asked first - previously
15   with Larregui, and that essentially you have, to the
16   extent you have any inferred intent, the most that you
17   can infer is that she's objecting to someone staring
18   down her chest with a flashlight which is not in the
19   performance of Alterio's duties, and she's also
20   attempting to resist being put in substantial pain,
21   literally.  She was hospitalized, and I'll represent to
22   your Honor that I have substantial evidence, including
23   the medical evidence from the hospital, of the injuries
24   that she suffered.
25       There is good law in Connecticut that a defendant
26   may properly use force against a peace officer to
27   resist excessive force during an arrest.  This is an

| | |
|---|---|
| 1 | exception to the ordinary rule that a person being |
| 2 | arrested may not use force to resist an arrest. The |
| 3 | case I'm referring to is In Re: Adalberto S., A-D-A-L- |
| 4 | B-E-R-T-O   S., 27 Conn. App. 49. The fact is, that if |
| 5 | you find that she's being manhandled unnecessarily |
| 6 | during the arrest and she's struggling and that |
| 7 | struggle is interpreted as force, it's not to be held |
| 8 | against her if it was her response to unnecessary and |
| 9 | excessive force. That law is clear, and I think from |
| 10 | listening to the testimony, even if your Honor |
| 11 | considers it in favor of the prosecution, you can |
| 12 | justifiably conclude that no reasonable jury would find |
| 13 | that she calmly, rationally, intended to attack or |
| 14 | struggle, that she was instead struggling in response |
| 15 | to the actions of Officer Alterio which were |
| 16 | unnecessary and excessive force. |
| 17 | That's the reason why I think you can find that |
| 18 | the prosecution did not prove intent sufficiently to |
| 19 | allow a reasonable jury to find it beyond a reasonable |
| 20 | doubt. |
| 21 | THE COURT: Well, as indicated by Attorney Barnes, |
| 22 | the Court, when deciding a motion for judgment of |
| 23 | acquittal, the Court must look at the evidence in light |
| 24 | of - the most favorable light to the State. In order |
| 25 | for the Court to make a determination that the motion |
| 26 | should be granted, the Court has to make a |
| 27 | determination that evidence (a) has not been presented |

```
 1    or evidence - or (b) that the evidence is not evidence
 2    on which upon a reasonable juror could make a decision.
 3    Now, while the Court understands that the defense has
 4    several theories in this case, some which they have
 5    tried to get across in its cross-examination, the
 6    theory of the defense has not really been presented to
 7    the jury in its - in totality; therefore, the Court
 8    looks at the evidence that has been presented, which is
 9    that two officers from the City of Bridgeport report to
10    a location after a call to do so.  As indicated in the
11    case law, the performance of an officer is not limited
12    to the power to make arrests; their performances of
13    their duties in fact include many other instances,
14    investigation, analysis, and examination of places,
15    people, and things, as well as arrests, may all go into
16    the performance of the officer's duties.
17         There's testimony by the officers that they
18    observed the defendant strike either the officer's hand
19    or flashlight, and again, as indicated by the State,
20    intent is a jury question, but there's evidence that -
21    there's testimony that would allow a reasonable jury to
22    make a determination.
23         In regards to the defense claim that the State has
24    not made a prima facie case in regards to the
25    performance or - performance of the officer's duties,
26    the case law has prevented - as reviewed by the Court
27    today in the course of the original discussion, again
```

```
 1          seems to indicate that this is a question for the jury
 2          to make the determination, and again, the defense has
 3          not presented any evidence at this time to the effect
 4          that the force may have been excessive.  The testimony
 5          of the officer is that he used necessary force.  I know
 6          that at some point defense will use - offer testimony
 7          that will counteract that testimony, but at this point,
 8          the only testimony is that it was necessary and that
 9          the jury could in fact find that testimony credible and
10          could in fact convict.  So in terms of the motion for
11          judgment of acquittal, the Court finds that the State
12          has met that burden, especially in light of the - the
13          language used in Privitera which says that the case has
14          to require - or the law seems to require that an
15          arrestee submit to an arrest, even though he or she
16          believes, and may ultimately establish, that such
17          arrest was without probable cause or was otherwise
18          unlawful.  However, it's not intended for the required
19          - or the arrestee to submit to egregiously unlawful
20          conduct, such as an unprovoked assault by the police in
21          the course of the arrest.  The evidence here at this
22          point does not support and unprovoked arrest or
23          unprovoked assault, I'm sorry, in the course of the
24          arrest, even though I understand from the State's
25          argument - I mean, from the defense's argument that
26          that is their intention.  But in light of the evidence
27          that's been presented to this point, the Court cannot
```

1   make that finding.
2       So in taking the - again, taking the evidence in
3   light most favorable to the State, at this point the
4   testimony is - by the officers is unsupported or in -
5   it's - not unsupported - it's in agreement as to the
6   use of the flashlight, the manner and actions of the
7   defendant. The statement of Officer Larregui is
8   actually in regards to no big deal I think could be
9   subject to interpretation. I believe his testimony can
10  also be construed in the fact of his testimony of no
11  big deal was - I believe his testimony led to when he
12  was asked could the sister be removed, his testimony
13  it's no big deal in removing the sister, and that any
14  question as to the amount of force is to be judged by
15  the jury because now the issue is - the testimony would
16  show that the force was a necessary one as testified to
17  this morning by Officer Alterio.
18      Intent is always an issue of the jury, and the
19  Court believes that there is enough evidence for a
20  reasonable jury to reach the question of intent.
21      Accordingly, the Court will deny the motion for
22  judgment of acquittal and note the defense's
23  reservation of the ability to appeal the Court's
24  motion, even if they choose to place evidence on the
25  record at this time.
26      Are you ready to present evidence at this time,
27  Attorney Barnes?

| | |
|---|---|
| NO. CR02 0181826 S | : SUPERIOR COURT |
| STATE OF CONNECTICUT | : J.D. OF FAIRFIELD |
| VS. | : AT BRIDGEPORT |
| DOLORES FONSECA | : MAY 28, 2003 |

### CERTIFICATION

I hereby certify that the above and foregoing is a true and correct transcript of the recorded notes of the proceedings at the hearing in the above-entitled cause, heard before HONORABLE SHERIDAN MOORE, Judge, in the Superior Court, Judicial District of Fairfield, Bridgeport, Connecticut, on the 28th day of May, 2003.

Dated this 24th of September, 2003.

*Kathryn Kay*
Kathryn Kay
Court Monitor