# EXHIBIT I

MAY 29, 2003

DOCKET   #CR02-0181826

------------------------------------------------

STATE OF CONNECTICUT        *        SUPERIOR COURT

                            *        GEOGRAPHICAL AREA

    -VS-                    *        OF FAIRFIELD

DOLORES FONSECA             *        AT BRIDGEPORT

                            *        MAY 29, 2003

------------------------------------------------


BEFORE:    HONORABLE SHERIDAN MOORE, JUDGE


APPEARANCES:


NICHOLAS BOVE, ESQ.

    Assistant State's Attorney

WILLIAM  BARNES, ESQ.

    For the Defendant


                                    Laura Patrignelli
                                    Court Monitor

```
 1    well you have the number to the clerk's officer;
 2    correct?  Was that given to you?
 3         JUROR:  I have a number.  I'm not sure if it's the
 4    same number.
 5         THE COURT:  Okay.  I'll have my clerk call you
 6    Monday, and you can tell us whether or not you'll be
 7    here on Tuesday or not.
 8         JUROR:  Okay.
 9         THE COURT:  Now I -- to the parties, we do have
10    the jury and an alternate.  So The Court is satisfied
11    that we would be able to go forward on Tuesday, even if
12    Ms. Dause (phonetic) cannot return.
13         But we'll allow you to make the inquiry with your
14    supervisor, and if you determine that it's impossible
15    for you to be here on Tuesday, The Court will understand
16    and excuse you.  But I'll have my clerk call you Monday
17    to find out what your status is.
18         JUROR:  Okay.
19         THE COURT:  Okay.
20         JUROR:  (Inaudible).
21         THE COURT:  Okay.
22         JUROR:  (Inaudible) work something out.
23         THE COURT:  All right.  Okay.  Thank you very
24    much, and you're excused for the day.
25         JUROR:  You're welcome.
26  (JUROR EXCUSED)
27         THE COURT:  In the interest of trying to get the
```

50

1   jury accommodated for today, The Court is aware that
2   it did not allow the defense, if it had so wished, to
3   make a motion for a judgement of acquittal at the end of
4   the defenses case.
5       The Court was aware of that. The Court was
6   probably also aware that the defense wanted to do that.
7   It was The Court's decision at that time not to do it.
8   I'll put my reasons on the record now.
9       While I was -- did not want to shortcut defenses
10  argument, The Court felt that the reasons it denied the
11  motion for judgement of acquittal at the end of the
12  State's case, were still valid. That even though the
13  defense has made several -- has offered several theories
14  of defense through its presentation of evidence as well
15  as -- has addition -- one has presented evidence, has
16  offered testimony on that they believe goes to the
17  weight of their defense to the charges for the
18  defendant, that The Court believes that the evidence as
19  presented still results only in issues that are
20  questions of fact to be determined by the jury.
21      That there has been enough evidence that a
22  reasonable jury could decide either way, for the State
23  or for the defense, but in fact the evidence is one that
24  is a factual basis and therefore it is left to the
25  control and perimeters of a jury determination. The
26  Court has not been able to find that the State has not
27  met its burden of proof to a -- such a degree as to

1  grant the motion for judgement of acquittal.

2  MR. BARNES: Thank you, Your Honor. I did intend
3  to make such a motion, and it was based upon the reasons
4  previously stated.

5  For the record I would merely also indicate that
6  the defense, pursuant to section 42-20 of the practice
7  book, asks Your Honor to direct the jury to find a
8  verdict of not guilty because the evidence is
9  insufficient to justify the finding of guilty beyond a
10 reasonable doubt.

11 Thank you.

12 THE COURT: Thank you. And as I indicated, while
13 I did not allow you to do that at the appropriate time,
14 I put my reasons on the record why I didn't and my
15 reasons remain even at this point.

16 Okay. So having --

17 MR. BOVE: One question. Is Tues -- is Tuesday
18 June 2nd, or June 3rd, Your Honor? That's my question.

19 THE COURT: Oh, you're right. It is the 3rd.

20 MR. BOVE: I thought it was. I thought Sunday was
21 June 1. That's why --

22 THE COURT: I wonder if I have to clarify that
23 with -- I did say Tuesday; didn't I?

24 MR. BOVE: You did.

25 THE COURT: Okay. What I'll do is I'll have the
26 clerk make the phone call to all the jurors indicating
27 that it was in fact Tuesday, June 3rd. Just to have them

52

1       -- at the time she also makes the call to the juror,
2       Ms. Dause.
3              Okay.  Anything further for today's purposes?
4              MR. BARNES:  No, Your Honor.  Thank you.
5              MR. BOVE:  No, Your Honor.
6              THE COURT:  And I appreciate -- I thank counsel
7       for their understanding of my situation in regards to
8       this, as well as the defendant.  And I thank the staff
9       and all people involved for working extra today.
10             We'll recess -- adjourn for the day.
11  (WHEREUPON COURT IS ADJOURNED)
12                        *    *    *

```
DOCKET    #CR02-0181826
```

------------------------------------------------

| | | |
|---|---|---|
| STATE OF CONNECTICUT | * | SUPERIOR COURT |
| | * | GEOGRAPHICAL AREA |
| -VS- | * | OF FAIRFIELD |
| DOLORES FONSECA | * | AT BRIDGEPORT |
| | * | MAY 29, 2003 |

------------------------------------------------

## CERTIFICATION

I, Laura Patrignelli, Court Monitor for the Judicial District of Fairfield at Bridgeport, do hereby certify that the foregoing transcript of the proceedings dated May 29, 2003 Before the Honorable Sheridan Moore, Judge in the Superior Court to be a true and accurate transcript of the tape recording made in said case.

Dated at Bridgeport, Connecticut, this, July 24, 2003.

*[signature]*

Laura C. Patrignelli
Court Recording Monitor