

UNITED STATES DISTRICT COURT 10 A 10: 24
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOLORES FONSECA, ET AL : | |
| Plaintiff, : | CIV. NO. 3:03CV1055 (AVC) |
| vs. : | |
| JASON ALTERIO, ET AL : | |
| Defendants : | NOVEMBER 8, 2005 |

## DEFENDANTS' LARREGUI AND CITY 56(a) STATEMENT

1.   The Defendant, Jorge Larregui, is a police officer for the City of Bridgeport and was acting in this capacity on August 10, 2002 (Defendants' Answer and Affirmative Defenses).

2.   The City of Bridgeport is a municipal corporation (Defendants' Answer and Affirmative Defenses).

3.   On August 10, 2002, Police Officer Larregui responded as the backup to a call for a domestic incident at 347 Alpine Street in the City of Bridgeport (Report of Larregui dated August 10, 2002).

4.   The call for police assistance was made by Ms. Dolores Fonseca who stated that she was calling for domestic violence and that there was "violence" and "drunk and fighting" (CAD Dispatch Transmission of August 10, 2002).

BMF05143                                1

5.    Officer Jorge Larregui was the first officer to arrive at the residence and no one responded when he arrived at the door. He entered the home and saw a person go out to the backyard as well as someone come from the bedroom area (Report of Larregui dated August 10, 2002),

6.    The person who came down the hallway approached Larregui and as she neared him reached into the bathroom at the end of the hallway and turned out the light (Trial Testimony of Larregui at pages 59-60).

6.    Officer Larregui began questioning the woman about the call of a domestic and, during the course of this, Officer Alterio arrived and began asking what happened (Report of Larregui dated August 10, 2002).

7.    The City of Bridgeport Police Department has a Policy and Procedure for "response to cases of family violence" that requires that the officer respond to and investigate complaints of persons who are victims of family violence in a safe and expeditious manner and that all such calls should be regarded as potentially "high risk" calls for police officers (Bridgeport Police Department Policy Number 4.16 dated September 1986).

8.    Officer Larregui left the area where Ms. Fonseca was physically located to investigate the other person he saw leave through the kitchen rear door (Report of Larregui dated August 10, 2002). When Officer Larrregui returned back to the hallway area he could see that Officer Alterio was shining his flashlight on the neck

of Ms. Fonseca and she was pushing the flashlight downward. Officer Larregui heard Alterio warn her not to do it again and when he shined the flashlight again she became very upset (Report of Larregui dated August 10, 2002).

9. Officer Alterio told Dolores Fonseca not to push his flashlight away (Use of Force Form by Offier Alterio, Report of Larregui).

10. Ms. Fonseca became angry with Officer Alterio when he first shined the flashlight on her (Fonseca Deposition at page 330). In her anger, Ms. Fonseca used profanity towards Jason during this time and stated, among other comments, that "You don't deserve to be a cop. My husband is going to get you when he finds out what you did to me. You mother f . . . . ." (Fonseca Deposition at page 170).

11. Dolores Fonseca resisted Officer Alterio's attempts to handcuff her and place her under arrest. She became very combative as he grabbed her and she fought him off (Use of Force Form filed by Officer Alterio, February 12, 2003; Statement of Larregui at page 5).

12. During the course of attempting to arrest Ms. Fonseca, her body was pushed against the wall and handcuffs placed on her, with Officer Alterio only able to put one handcuff on the Plaintiff (Statement of Larregui at page 5).

13. As Officer Alterio was trying to get control of Ms. Fonseca, he pushed her against the wall. She "whacked her head" on to the basement door. Officer Larregui

saw her hit her head because he was to the side but Officer Alterio, who was behind, could not see her face (Statement of Larregui at page 5).

14. Melanie Fonseca saw only a hand of a police officer as she peeked through a crack in the door of her mother's room. Melanie did not see the police officer holding anything in his hand that was outstretched and not in a fist (Deposition of Melanie Fonseca at pages 37 and 44 -45).

15. Melanie did not see anything in the hallway except her mom standing and someone's hand from the wrist to the fingertips (Deposition of Melanie at page 46).

16. Melanie peeked outside only to see her mother walking with the two officers and then went back to bed (Deposition at pages 56-57, 65).

17. Melanie did not talk to anyone at school or to Dr. Blumash about what happened this day. She is not scared when she sees police officers. She was a little sad when she saw her mother walking with the two police officers (Deposition of Melanie Fonseca at 71-74).

18. The Police Department conducted two investigations regarding the complaint by Ms. Fonseca that Officer Alterio used excessive force (Office of Internal Affairs letter by Chief Chapman).

19. Captain Gaudette indicated that it was determined that Ms. Fonseca hit her head on the door jamb while she was being placed under arrest (Deposition at page 45).

20. The only complaint as to Officer Alterio was after August 10, 2002 and did not involve an allegation of excessive force or false arrest (Deposition of Deputy Chief Krasicky at pages 55 and 57).

21. The prosecutor, Nicholas Bove, would not dismiss the case and the court refused to grant the motion to dismiss for lack of probable cause (May 27, 2003 Trial Transcript at pages 68-73). The case was tried to completion before a jury. The court again refused to grant a motion for acquittal (May 29, 2003 Trial Transcript at pages 50-52). There was a finding of not guilty at the conclusion of trial. Attorney Bove indicated that the facts he learned in his interview with Alterio and Larregui were consistent with the reports (Deposition of Bove).

                                        THE DEFENDANTS
                                        JORGE LARREGUI
                                        THE CITY OF BRIDGEPORT

By: *Barbara B Massaro*
    Barbara Brazzel-Massaro
    Associate City Attorney
    OFFICE OF THE CITY ATTORNEY
    999 Broad Street - 2nd Floor
    Bridgeport, CT 06604
    Telephone #203/576-7647
    Fed. Bar No. 05746

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this 8th day of November, 2005, to:

Dolores Fonseca
347 Alpine Street
Bridgeport, CT 06610

Elliot Spector, Esq.
Noble, Spector, Young & O'Connor
One Congress Street
Hartford, CT 06114

*Barbara B Massaro* (signature)
Barbara Brazzel-Massaro