UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOLORES FONSECA, RAFAEL FONSECA, AND MELANIE FONSECA, *Plaintiffs*, | : : : : | CRIMINAL ACTION NUMBER 3:03cv01055(AVC) |
| v. | : : : | |
| JASON ALTERIO, JORGE LARREGUI, AND THE CITY OF BRIDGEPORT *Defendants* | : : : : | JANUARY 13, 2006 |

## PLAINTIFFS' DISPUTED ISSUES OF MATERIAL FACT

1. The dispatch message received by both Alterio and Larregui instructing them to proceed to the Fonseca home stated that there was a domestic disturbance but did not mention violence. (Exh. 22 at 3-4; 33-34).

2. Mrs. Fonseca was not intoxicated at the time of the incident at her home. (Exh. 21, at 123; Exh. 22 at 14; Exh. 23 at 14)

3. Mrs. Fonseca told Alterio that there had been no physical touching; she did not complain of any injuries and he observed no injuries. (Exh. 15 at 28, 29, 107.)

4. The area where Mrs. Fonseca and Alterio were standing was adequately lighted for Alterio to determine whether she had any visible injuries. (Exh. 22 at 28.)

5. Alterio had no justifiable law enforcement purpose in shining the flashlight on her chest area. (Exh. 15 at 30; Exh. 17 at 20, 50, 53)

6. Under the circumstances Mrs. Fonseca committed no criminal offense when she pushed his flashlight away from her chest, and there did not exist even arguable probable cause for a reasonable and competent police officer to think otherwise. (Exh.

20 at 138-42, 155, 156, 269.

7. Alterio did not tell Mrs. Fonseca why he was trying to handcuff her or arrest her and he did not have legitimate reason, or even arguable probable cause to arrest her. (Exh. 14 at 32; Exh. 17 at 20, 27-29; Exh. 15 at 39, 179)

8. Under the circumstances Mrs. Fonseca committed no criminal offense when she resisted being handcuffed by Alterio and there did not exist even arguable probable cause for a reasonable and competent police officer to think otherwise. (Exh.9, at 4, Exh. 10, at 3, Exh.14, at 32, Exh. 17, at 27-29, Exh. 15, at 39, 179).

9. Alterio used unreasonable force in his attempt to handcuff Mrs. Fonseca, and in so doing slammed her face into the bathroom door or doorjamb, causing her a serious injury. (Exh.17, at 33, Exh. 22, at 144, 192, Exh. 17, at 108, 115; Exh. 15, at 40, 83, 163, 175)

10. Larregui had a realistic opportunity to intercede in Alterio's struggle with Mrs. Fonseca so as to protect her from further violence by Alterio and to immediately provide assistance to her in connection with the injury, but intentionally or recklessly failed to do so. (Exh.15, at 40-41, 55, 175, exh. 14, at 16)

11. Instead of trying to stop Alterio's unnecessary violence against Mrs. Fonseca and his his unjustified arrest of arrest of her, Larregui helped Alterio complete the arrest by handcuffing the hand of Mrs. Fonseca which Alterio had not yet succeeded in handcuffing. (Exh.15, at 40-41, 55, Exh. 14 at 16)

12. Alterio was aware of the injury to Dolores Fonseca's head virtually at the moment it occurred. (Exh. 29 at 1)

13. Alterio deliberately ignored the serious head injury that Dolores Fonseca had

sustained and pushed her through the house, out the door, and across the street to his police cruiser, after which he pushed her, head first, into his vehicle. (Exh.14, at 5, 35-36, Exh. 15 at 41, 183, Exh. 17 at 110-11)

14. Mrs. Fonseca did not kick Alterio two times in the leg as he brought out her of her house and he suffered no serious injury. (Exh.15, at 42, 81, 131, 154-56, Exh. 17 at 42)

15. Alterio deliberately and maliciously lied when he wrote a report stating that Mrs. Fonseca kicked him twice and physically injured him, as a result of which the prosecutor filed an additional charge against Mrs. Fonseca of assault on a police officer under Conn. Gen. Stat. sec. 53a-167c(a)(1).   (Exh. 29)

16. Alterio deliberately and maliciously filed a false police report claiming that Dolores Fonseca had committed the crimes of disorderly conduct and interfering with an officer. (Exh. 29).

17. As a result of Alterio's false charges, Dolores Fonseca was arrested, and had to appear in court on numerous occasions between August, 2002, and May, 2003. During that period, she faced re-arrest if she did not appear in court. She also had to stand trial on those charges for eight days in May and June, 2003. (Def. Answers to Complaint, ¶s 77 and 79)

18.  Prior to the Fonseca incident on August 10, 2002, the City of Bridgeport was on notice  that Officer Alterio was unsuited to the job of policeman, was immature and indiscreet, and was ignorant about at least some portions of his police duties. (Exh.11).

19. In the first four months of 2002, Alterio was the subject of three civilian

complaints about his behavior as a police officer. (Exh. 8)

20. In 2001, Alterio had been stripped of his authority to make motor vehicle arrests because of improper conduct as a police officer. (Exh. 11)

21. The City maintained a policy and custom of tolerating misconduct by Alterio, which policy and custom directly led to his use of excessive force against Dolores Fonseca. (Exh.11)

22. The City maintained a policy and custom of tolerating misconduct by by its police officers, which policy and custom directly led to Alterio's use of excessive force against Dolores Fonseca. (Exh. 1, 4, 5, 6 and 7)

23. Between 1993 and, 2001, the City substantiated claims of excessive force made by civilians against its police officers in less than 4.6 per cent of the civilian complaints investigated by the Internal Affairs Division of the Bridgeport Police Department. (Exh. 1).

24. In this case, the City originally found the civilian complaint of Dolores Fonseca that Alterio used excessive force to be unsubstantiated. That finding was not reversed until *after* Alterio was involved in subsequent misconduct. (Exh. 3)

25. Between 1990 and August, 2003, the City disciplined only two officers for use of excessive force, one in 1991 and one in 1992. During this same time period, Bridgeport police officers were disciplined for other departmental violations on more than 450 occasions. (Exh. 28).

BY:

THE PLAINTIFFS,
DOLORES FONSECA, RAFAEL FONSECA
AND MELANIE FONSECA

_____
DIANE POLAN
Law Offices of Attorney Diane Polan, LLC
129 Church Street, Suite 802
New Haven, CT 06510
polanlaw@yahoo.com
Telephone: 203-865-5000
Facsimile: 203-865-2177
Federal Bar No. ct00223
Their Attorney

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent via first class mail, postage prepaid, this 13th day of January, 2006, to the following counsel and parties of record:

Attorney Barbara Brazzel-Massaro
Office of the City Attorney
999 Broad Street, 2nd Floor
Bridgeport, CT 06604-4328
E-mail: brazzb0@ci.bridgeport.ct.us

Elliot B. Spector, Esquire
Noble, Spector, Young & O'Connor
One Congress Street, Fourth Floor
Hartford, CT 06114
E-mail: spector@nsyolaw.com

_____
DIANE POLAN