

FILED
2006 FEB 13 A 11: 18

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **DOLORES FONSECA, ET AL** | : |
| Plaintiffs, | : CIV. NO. 3:03CV1055 (AVC) |
| vs. | : |
| **JASON ALTERIO, ET AL** | : |
| Defendants | : FEBRUARY 9, 2006 |

### AFFIDAVIT

I, Lt. Roderick Porter, being of sound mind, do hereby depose and say:

1.  I am over the age of eighteen and believe in the obligation of an oath. I am making this Affidavit based upon my knowledge.

2.  I am presently the Commander of the Office of Internal Affairs for the City of Bridgeport Police Department.

3.  In this capacity, I am responsible for the oversight of investigations that are part of our office based upon civilian complaint and internal investigations (see Attachment 1 – Policy and Procedure of the Office of Internal Affairs). The complaints which are investigated by this office concern a number of varied areas, but all involve the Rules and Regulations of the Bridgeport Police Department.

BMF06017                                            1                                          EXHIBIT

The statistics in this Office that are kept by me as Commander show that the Office has investigated the following alleged violations involving police activities: illegal search and seizure, false arrest, abuse of power, excessive force, police conduct, inaccurate reporting, lack of service, theft, unjustified action, conduct unbecoming, disrespect towards public, failure to act, internal investigations, and criminal investigations (see Attachment 2).

4.   At the completion of the investigation, this Office refers all cases to a Board and the Chief of Police. It also keeps records of the findings which are similar to the document noted as Plaintiff's Exhibit 1 in the case of <u>Dolores Fonseca v. City of Bridgeport</u>. This document (noted as Plaintiff's Exhibit 1) is not a list of complaints concerning allegations of excessive force, but is a list of cases such as those noted in Paragraph 3 above.

5.   I have attached a status report kept in the Office of Internal Affairs for the year 2001. The list attached indicates each of the allegations as noted in Paragraph 3 of my Affidavit. The attachment contains the case numbers and findings. As can be seen from the statistics, there are 19 cases that contained allegations of excessive force (numbers 224, 225, 249, 250, 280, 288, 278, 322, 021, 313, 343, 367, 380, 387, 396, 033, 423, 397 and 372). Of these 19 cases, 3 were withdrawn by the complainant. The number of cases alleging excessive force reviewed for 2001 was 16 cases of the 255 cases listed in the statistics report.

BMF06017                                                                 2

6.  The exhibit attached by the Plaintiff is not consistent with an assumption that there are numerous excessive force complaints.

7.  As to the civil complaints received, the Office of Internal Affairs investigates the claims by taking statements of the complaints, officers or other witnesses; reviewing any evidence submitted by the complainant and other independent examination of the claim if the investigator determines it is necessary such as review of the scene or interview of medical personnel. At the completion of the investigation, a final report is completed and provided to the Mayor, the Board of Police Commissioners, the Chief of Police and a copy to any complainant. In accordance with the court decree that sets the procedure, any of these individuals within the Department can ask for further investigation or conduct a hearing to question the findings. Additionally, any complainant who is not satisfied with the findings of the Office of Internal Affairs has the right to request a hearing before the Board (Attachment 3).

8.  I have also provided 4 separate investigations that were completed in the time period of 1997 to 2000 involving investigations of excessive force by this Division which were also filed as legal actions alleging excessive force. Three of the cases were resolved by a jury finding which was consistent with Internal Affairs and the fourth was a withdrawal of the civil rights allegations by the plaintiff (Attachment 4).

9.  As a result of the investigations during the period of time indicated by the plaintiffs, there have been findings of violation of rules and regulations specifically the claim of the use of force in the complaint by Michael Lisi (OIA 95I-059) which was the disciplinary action the Board entered on June 5, 1996 as a three month suspension (Attachment 5).

10. The investigations of Internal Affairs complaints are separate and distinct from the report to Special Master Clendenen who reviews the discipline given for any violation of Rules and Regulations not just the areas as I set forth above. The purpose of the report is to be certain that discipline is consistent for all officers.

Roderick Porter

Sworn and subscribed before me

this 9th day of February, 2006

Barbara Brazzel-Massaro
Commissioner of the Superior Court