UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOLORES FONSECA, RAFAEL FONSECA and MELANIE FONSECA, minor, ppa | : : : | NO.: 3:03-cv-01055 (AVC) |
| *Plaintiffs,* | : | |
| vs. | : : | |
| JASON ALTERIO, JORGE LARREGUI, AND CITY OF BRIDGEPORT, | : : | |
| *Defendants.* | : | AUGUST 15, 2006 |

## **MOTION FOR RECONSIDERATION**

Defendant, Jason Alterio, respectfully requests the Court to reconsider its ruling dated July 28, 2006, denying Defendant Jason Alterio's Motion for Partial Summary Judgment concerning plaintiff's false arrest claim. In support of this motion, the defendant first asks the Court to apply its determination that the plaintiff failed to demonstrate a deprivation of liberty to the false arrest claim. Second, defendant Alterio requests that the Court consider developing case law supporting the Defendant's claim and the Second Circuit Court of Appeals opinion, that the issuance of a summons without significant restrictions does not implicate a Fourth Amendment violation. Finally, the Defendant asks the Court to consider undisputed facts which may have been overlooked, but which clearly indicate that the plaintiff did not suffer a deprivation of liberty. A totality of the above factors should be applied in the Court's consideration as to whether or not the mere issuance of a summons is sufficient to support plaintiff's Fourth Amendment claim.

1

**PLAINTIFF MUST SHOW A DEPRIVATION OF LIBERTY CONSISTENT WITH A SEIZURE UNDER THE FOURTH AMENDMENT TO SUPPORT A FALSE ARREST CLAIM**

On page 6 of the Court's ruling, the Court stated, "A plaintiff must also show that a deprivation of liberty, consistent with a seizure under the Fourth Amendment, occurred and that the deprivation occurred before the start of the legal process, generally 'from the moment of arrest to the time of arraignment.' Singer v. Fulton County Sheriff, 63 F.3d 110, 117 (2d Cir. 1995)." After considering undisputed facts, the Court determined on Page 9 that Alterio was entitled to summary judgment on Fonseca's malicious prosecution claims on the ground that she had failed to demonstrate a deprivation of liberty. If plaintiff has failed to demonstrate a deprivation of liberty and a deprivation of her liberty is a necessary element to find a Fourth Amendment violation, then the defendant should be entitled to summary judgment on her Fourth Amendment false arrest claim.

**APPLYING UNDISPUTED FACTS, PLAINTIFF SUFERED NO DEPRIVATION OF HER LIBERTY INTERESTS SUFFICIENT TO SUPPORT A FOURTH AMENDMENT CLAIM**

On Page 7 of the Court's ruling, the Court notes that "It is undisputed that Alterio arrested Fonseca without a warrant and before the start of any legal process." The very heart of Defendant's argument is that the issuance of the summons by Alterio did not constitute a custodial arrest sufficient to support a Fourth Amendment claim. The facts which are undisputed are that the plaintiff was handcuffed and placed in a police cruiser for a few moments until being issued a summons and released. Even accepting the finding that there may have been questionable probable cause, the mere detention of

2

Ms. Fonseca for a few moments in a police cruiser would not constitute a custodial arrest requiring the officers to support such actions based on probable cause to arrest.  Muehler v. Mena, 544 U.S. 93 (2005).

**DEVELOPING CASE LAW SUPPORTS DEFENDANT ALTERIO'S CONTENTION THAT THE MERE ISSUANCE OF A SUMMONS DOES NOT CONSTITUTE A DEPRIVATION OF LIBERTY SUFFICIENT TO SUPPORT A FOURTH AMENDMENT CLAIM FOR EITHER FALSE ARREST OR MALICIOUS PROSECUTION.**

Although the United States Supreme Court has not specifically addressed the issue as to whether a summons to appear in court to answer a charge related to a violation of the law constitutes a seizure under the Fourth Amendment, it has held that a summons to appear before a grand jury does not constitute a seizure within the meaning of the Fourth Amendment.  United States v. Dionisio, 410 U.S. 1 (1973).

The weight of case decisions supporting Defendant's contention that the mere issuance of the summons to the plaintiff does not support a Fourth Amendment violation is supported by a growing number of court decisions decided since the submission of Defendant's Motion for Summary Judgment.

In Holmes v. McGuigan, 206 W.L. 1683482 (3rd Cir. (Pa.)), the Appellate Court agreed with the District Court that the issuance of a traffic citation did not result in a deprivation of liberty consistent with the concept of a seizure.  The court re-affirmed Dibella v. Borough of Blockwood, 407 F.3d 599 (3rd Cir. 2005), that "'[t]he type of constitutional injury the Fourth Amendment is intended to redress is the deprivation of liberty accompanying prosecution, not prosecution itself.'  Id, at 603.  In DiBella, we

3

**NOBLE, SPECTOR, YOUNG & O'CONNOR, P.C.** • ATTORNEYS AT LAW
ONE CONGRESS STREET • HARTFORD CT 06114-1067 • JURIS NO. 409138 • TEL: (860) 525-9975 • FAX: (860) 525-9985

held that the plaintiffs failed to establish a Fourth-Amendment seizure as a result of a legal proceeding because 'they were only issued a summons; they were never arrested; they never posted bail; they were free to travel; and they did not have to report to Pretrial Services.' Id." Similar decisions were rendered in Varriale v. Borough of Montvale, 2006 W.L. 1806411, D.N.J. 2006 and Skeens v. Shetter, 2006 W.L. 827782, D.N.J. 2006.

While it may be argued that the plaintiff was arrested in the sense that she was issued a summons requiring her to appear in court, it is undisputed that she was not taken into physical custody for the purposes of being transported to a law enforcement facility to be processed for an arrest. It is undisputed that she was not transported to the police department, fingerprinted, required to post bail, or in any other way had her travel restricted. In balancing the limited weight of authority, Defendant asks the Court to reconsider its determination that the plaintiff was, "arrested and therefore deprived of her liberty in a manner sufficient to support a Fourth Amendment violation alleging false arrest."

For the foregoing reasons, the Defendant Jason Alterio respectfully requests that the Court reconsider its decision denying his Motion for Summary Judgment on the false arrest claims.

**NOBLE, SPECTOR, YOUNG & O'CONNOR, P.C.** • ATTORNEYS AT LAW
ONE CONGRESS STREET • HARTFORD CT 06114-1067 • JURIS NO. 409138 • TEL: (860) 525-9975 • FAX: (860) 525-9985

        DEFENDANT:    JASON ALTERIO


BY: _____/S/_____
        Elliot B. Spector
        Federal Bar #ct05278
        Noble, Spector, Young & O'Connor, P.C.
        One Congress Street
        Hartford, CT  06114
        860-525-9975   860-727-9915
        spector@nsyolaw.com

5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOLORES FONSECA, RAFAEL | : | NO.: 3:03-cv-01055 (AVC) |
| FONSECA and MELANIE | : | |
| FONSECA, minor, ppa | : | |
|     *Plaintiffs,* | : | |
| vs. | : | |
| | : | |
| JASON ALTERIO, JORGE LARREGUI, | : | |
| AND CITY OF BRIDGEPORT, | : | |
|     *Defendants.* | : | AUGUST 15, 2006 |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2006 a copy of the foregoing **Motion for Reconsideration** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will e sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

        /s/ Elliot B. Spector
        Elliot B. Spector
        Federal Bar ct #05279
        Noble, Spector, Young & O'Connor
        One Congress Street
        Hartford, CT  06114
        Phone: 860-525-9975
        Fax: 860-525-9985
        spector@nsyolaw.com

**NOBLE, SPECTOR, YOUNG & O'CONNOR, P.C.** • ATTORNEYS AT LAW
ONE CONGRESS STREET • HARTFORD CT 06114-1067 • JURIS NO. 409138 • TEL: (860) 525-9975 • FAX: (860) 525-9985